UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

----------------------------------------------------------------x
AMERICAN EXPRESS TRAVEL RELATED : Case No. 08-CV-00138 (DSD/SRN)
SERVICES COMPANY, INC., a New York :
Corporation, :
 :
 : **FINDINGS OF FACT AND**
          Plaintiff, : **CONCLUSIONS OF LAW**
     v. : **REGARDING APPOINTMENT**
 : **OF A RECEIVER**
FOREST LAKE FORD, INC. and :
JOHN D. BERKEN, :
 :
          Defendants. :
----------------------------------------------------------------x

The Court makes the following Findings of Fact and Conclusions of Law in connection with its entry of an Order appointing a Receiver in this action:

**A. The Parties**

1.   Plaintiff American Express is a corporation organized and existing under the laws of the State of New York, whose principal place of business is located at American Express Tower, World Financial Center, New York, New York 10285.

2.   Defendant Forest Lake Ford, Inc. ("Forest Lake Ford") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 231 19th Street, S.W., Forest Lake, Minnesota 55025.  Forest Lake Ford is a car dealership which sells Ford automobiles and trucks to the public.

3.   Defendant John D. Berken ("Berken") is a natural person and a citizen and resident of the State of Minnesota whose last known address is 22749 Ideal Avenue, N., Forest Lake, Minnesota 55025.  Berken is the president and controlling shareholder of defendant Forest Lake Ford.

**B**. **The Facts**

    4.    Forest Lake Ford is an American Express merchant which accepts the American Express card. Forest Lake Ford's acceptance of the American Express card is governed by an agreement entitled "Terms and Conditions for American Express Card Acceptance" (the "Merchant Agreement").

    5.    The Merchant Agreement prohibits use of the American Express card to obtain cash where goods or services are not sold. It states in paragraph 2(e) as follows:

> Prohibited Use. You must not accept the Card for . . .(viii) amounts that do not represent bona fide sales of goods or services at your Establishments, e.g. purchases at your Establishments by your owners (or their family members) or employees contrived for cash flow purposes. . .

    6.    Notwithstanding the foregoing, between October 4, 2007 and November 26, 2007, Berken used his American Express corporate charge card to make more than 45 charges on the American Express merchant account of his company, Forest Lake Ford. These charges enabled defendants to obtain roughly $4 million in cash from American Express. It is undisputed that no *bona fide* sale of goods or services was ever made for these charges.

    7.    The relevant credit card charges made by the defendants appear on the written account statements issued to Forest Lake Ford. The relevant charges are as follows:

- On October 4, 2007, the defendants caused two charges of $90,000 each to be made and processed for a total of $180,000 in bogus transactions for that day.

- On October 9, 2007, the defendants caused one bogus charge of $8,000 to be made and processed on that day.

- On November 13, 2007, the defendants caused three charges of $90,000, $70,000 and $90,000 to be made and processed for a total of $250,000 in bogus transactions for that day.

- On November 19, 2007, the defendants caused ten charges of $90,000 each to be made and processed for a total of $900,000 in bogus transactions for that day.

- On November 22, 2007, the defendants caused fifteen charges of $90,000 each, and one charge of $100 to be made and processed for a total of $1,350,100 in bogus transactions for that day.

- On November 26, 2007, the defendants caused fifteen charges of $90,000 each, and one charge of $1,000 to be made and processed for a total of $1,351,000 in bogus transactions for that day.

American Express made a strong showing that these charges were fraudulent because they were not for the bona fide sale of goods or services.

8.    The total amount of the above charges made by the defendants amounts to $4,039,100. As a result of several small payments that were made, the current outstanding balance owed by defendants is $3,848,818.99. Although payment in full was supposed to have been made by the end of December 2007, no payment has been received.

**C**. **Conclusions of Law**

9.    Given the strong showing made by American Express about the fraudulent nature of defendants' credit card charges, and the large amount at issue, the Court finds that American Express is entitled to protection in the form of a Receiver.

10.    "The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314 (8th Cir. 1993). See also Fed.R.Civ.P. 66; 12 C. Wright & A. Miller, Federal Practice and Procedure § 2983.

11.    As stated by the Eighth Circuit in Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d at 316-17:

> Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are **a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm**.

(Emphasis supplied.)

12.Federal courts have routinely appointed receivers where, as here, a debtor has engaged in conduct constituting fraud. See Santibanez v. Wier McMahon & Co., 105 F.3d 234 (5th Cir. 1997) (receiver appointed to preserve assets of judgment debtor); Thomas Hand & Grecisen Employees Trust v. Buster, 95 F.3d 1449, 1460 n. 19 (court appointed receiver to freeze partnership's assets and distributions until district court determined whether they belonged to general partner or judgment creditors); Motion Dynamics, Inc. v. Nu-Best Franchising, Inc., No. 805CIV2370T17, 2006 WL 1050639 (M.D. Fla. April 20, 2006) (court appointed receiver for judgment creditors and related corporate entities where court found evidence of fraudulent transfers designed to stymie enforcement of judgment); New York Life Ins. Co. v. Watt West Investment Corp., 755 F. Supp. 287 (E.D. Cal 1991) (court ordered receivership of real property where the plaintiff was likely to prevail on the merits and with respect to mortgage loan, and where it appeared that rents were being diverted from repayment of loan at issue).

13.American Express has made a strong showing that Defendants' conduct was fraudulent under M.S.A. § 609.821, entitled "Financial transaction card fraud," which states as follows:

> a person who does any of the following commits financial transaction card fraud:
>
> * * *

4

>   (5) being authorized by an issuer to furnish money, goods, services, or anything else of value, knowingly and with an intent to defraud the issuer or the cardholder . . .:
>    (ii) ***represents in writing to the issuer that the person has furnished money, goods, services, or anything else of value which has not in fact been furnished***;

(Emphasis supplied.)  By electronically transmitting the charges at issue to American Express for processing, the defendants represented that goods or services had been furnished when in fact no goods or services had been furnished, and nothing of value had been provided to justify the charges.

14.     In light of the foregoing, the Court concludes that plaintiff has a valid claim for relief; that American Express has made a strong showing that defendants engaged in fraudulent conduct; that, given defendants' conduct, there is imminent danger that defendants' assets will be lost; that there are no adequate legal remedies to protect plaintiff; that there is no less drastic remedy available; and that the appointment of a receiver will do more good than harm. Accordingly, the Court will appoint a Receiver to protect plaintiff's interests.

Dated:   January 24, 2008

                                                                BY THE COURT:


                                                                s/David S. Doty
                                                                David S. Doty, Judge
                                                                United States District Court

M \Litigation\American Express\Forest Lake Ford\Attachment\Findings of Facts and Conclusions of Law.doc