UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

------------------------------------------------------------------x
| | | |
|---|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York Corporation, | : : : : | Case No. 08-CV-00138 (DSD/SRN) |
| Plaintiff, | : : | |
| v. | : : | **ORDER ESTABLISHING A RECEIVERSHIP AND APPOINTING A RECEIVER** |
| FOREST LAKE FORD, INC. and JOHN D. BERKEN, | : : : | |
| Defendants. | : | |

------------------------------------------------------------------x

The above matter came before the Court on the request of Plaintiff American Express Travel Related Services Company, Inc. ("American Express") to establish a receivership and to appoint a receiver. This Order Establishing a Receivership and Appointing a Receiver (this "Order") is being entered pursuant to the Findings of Fact and Conclusions of Law entered in the above-captioned case on January 24, 2008 (the "General Order"). All of the findings of fact and conclusions of law set forth in the General Order are incorporated herein.

The Court, being fully advised of the premises,

IT IS HEREBY ORDERED:

1.      James A. Bartholomew and Lighthouse Management, Inc. (the "Receiver") is hereby appointed as receiver over the assets of Defendants Forest Lake Ford, Inc. and of John D. Berken (collectively the "Defendant"), including without limitation all inventory, parts, equipment, keys and other access devices, contracts, real estate, leases, bank accounts, rents, income, rights to payment, accounts, cash, and all proceeds of all of the foregoing, wherever located.

2.      The Receiver may serve without a bond.

3.      The Receiver shall collect the income and revenues of the Defendant and may take control of all keys, titles, books, records, real estate, and other assets relating to the Defendant, including without limitation all financial accounts and cash, which accounts and cash

include without limitation any and all accounts and cash located at 231 19th Street, S.W., Forest Lake, Minnesota.

4. Upon application by the Receiver and further order of the Court, the Receiver shall be authorized and empowered to liquidate or sell the Defendant's business and assets in a manner designed to preserve and maximize the value of the Defendant's assets for the Plaintiff.

5. The Defendant and its agents and representatives, including John D. Berken, shall immediately:

    a. surrender to the Receiver physical possession of all of the assets and operations of the Defendant;

    b. provide the Receiver with all keys and other access devices, including password codes, relating to the Defendant;

    c. deliver to the Receiver all assets (and titles thereto), records, accounts, and cash in the Defendant's possession, custody or control relating to the operation, ownership or management of the Defendant, including, without limitation, files, maintenance files, employee records, insurance records, contact information for the applicable insurance agents, contracts, leases, financial books and records, security deposits, credit card receipts, advance payments, savings accounts, checking accounts, and credit-card merchant accounts; and

    d. cooperate and assist the Receiver so as to enable the Receiver to assume and discharge its duties under this Order and applicable law, including cooperating by disclosing all financial and other information to the receiver as it respects Defendant.

6. The Receiver shall have all of the powers and authority usually held by receivers and reasonably necessary to accomplish the purposes stated in this Order, including the power to collect any information as to the assets and liabilities of the Defendant and whether such assets or liabilities are encumbered and to what extent. Without limiting any other power granted by this Order, the Receiver may:

      a. enter into or modify any and all agreements that are necessary or advantageous to the Defendant's business operations, including but not limited to, leases, contracts, or other agreements pertaining to the Defendant;

      b. continue any supply, distribution, service or other such contracts necessary to Defendant or the liquidation or sale of Defendant's assets;

      c. pay obligations previously incurred by the Defendant only if deemed necessary by the Receiver for the preservation or enhancement of the Defendant's business; and

      d. apply the Defendant's endorsement to any check received by the Receiver in the course of its management of the Defendant and execute in the name of the Defendant any and all reports and other documents required to be executed in connection with the performance of the Receiver's obligations hereunder.

7. On behalf of the Receiver, James Bartholomew is authorized to sign any and all documents of conveyance, including titles, necessary to transfer ownership of the Defendant's assets, leases, and contracts.

8. The Receiver, in its discretion, may hire the Defendant's employees whom the Receiver deems reasonably necessary to assist in the operation, liquidation, or sale of the Defendant's assets under such terms and conditions as the Receiver deems advisable. The Receiver will not be bound by the Defendant's employment contracts, collective bargaining agreements, or employment practices, policies or benefits.

9. The Receiver may liquidate or sell the Defendant's assets utilizing any and all of the Defendant's existing sales, use, or operating licenses and permits.

10. The Receiver shall not be liable for the Defendant's debts and obligations. Liabilities incurred by the Receiver in its capacity as Receiver shall be liabilities of the receivership and not liabilities of Lighthouse Management Group, Inc. or James Bartholomew.

11. The Receiver shall be compensated at the rate of $275 per hour for James Bartholomew, and at the lesser standard hourly rates of other staff of the Receiver. In addition to the Receiver's fees, the Receiver shall be reimbursed for its reasonable business and travel

expenses associated with the receivership.  Use of personal automobiles may be billed at the rate allowed under the Internal Revenue Code.  Legal fees, selling costs, appraisal fees, parking, long distance, telephone, cell phone, photocopies, and other reasonable expenses shall be reimbursed at the Receiver's cost.  The Receiver's compensation and reimbursements shall be disclosed in the periodic reports filed with the Court and are subject to appropriate objections by the Plaintiff or other parties in interest.  The Receiver may pay and reimburse itself with funds generated through the liquidation and sale of the Defendant and its assets.

12. As and when the Receiver receives payment or reimbursement, it shall provide a detailed statement of its services and expenses to the Plaintiff and any other party requesting a copy.  Any objections to the Receiver's fees or expenses must be filed with the Court and served on the parties within 30 days after receipt of the Receiver's statements, at which point the Court will schedule a hearing on the objection.  If no objections are served and filed within the 30 day deadline, the fees and expenses of the Receiver shall be deemed approved by the Court.

13. The Receiver shall file periodic accountings with the Court no less often than quarterly with in 15 days after the calendar month ending such quarter and shall file a final accounting at the time of discharge of the Receiver.  The Receiver shall mail or e-mail copies of the monthly financial statements and the final accounting to parties or their counsel of record.

14. The Receiver shall serve until the entry of an order by this Court terminating the receivership or appointing a substitute receiver.  If warranted, the Receiver may file a motion seeking to terminate its obligations under this Order on an expedited basis and shortened notice.

15. Nothing contained in this Order limits any right or remedy available to the Plaintiff.

16. The Receiver may sell any or all of the Defendant's assets without the Court's approval, except that if the Receiver determines that Defendant's business should be sold as a whole or liquidated, then the Receiver shall make an application to the Court for permission to sell or liquidate defendant's business, and may proceed with such sale or liquidation only upon further order of the Court. The Receiver shall promptly deliver all available excess proceeds

from the sale of defendants' assets to the Plaintiff for application to the debt, including the Plaintiff's attorneys' fees and costs, interest, and principal.

17. Upon the Receiver's request, the U.S. Marshall or the sheriff of the county in which the Defendant is located shall accompany the Receiver while the Defendant's business is turned over to the Receiver.

18. The Minnesota Department of Public Safety or any other applicable agency which may control or have authority over motor vehicle titles which the Receiver, as a result of this order, shall control, is hereby ordered to cooperate with the Receiver to issue any requested replacement titles or allow transference of titles and other associated motor vehicle transactional documents for said motor vehicles upon the authority of the Receiver so that the powers of the Receiver to deal with all motor vehicles that are assets of the Defendant are not impaired.

19. To the extent that any of the titles or any other documents evidencing ownership of the motor vehicles are not, for whatever reason, titled in the name of the Defendant or the car dealership name under which Defendant operates, the Minnesota Department of Public Safety and any other applicable agency is hereby ordered to transfer title and all other applicable documents evidencing ownership to the Defendant or the car dealership under which Defendant operates.

20. The appointed Receiver herein is specifically authorized and shall have the power to execute and deliver any and all documents on behalf of the Defendant or the dealership name under which Defendant operates or the persons with whom the Vehicles are currently titled as necessary to consummate the issuance or transfer of the titles contemplated by this Order.

Dated:  January 24, 2008                                   BY THE COURT

                                                           s/David S. Doty
                                                           David S. Doty
                                                           United States District Court Judge